UNITED STATES DISTRICT COURT
EASTERN DISTRICT: STATE OF NEW YORK
------------------------------------------------------------X

DAVID GLATMAN, JOSEPH UHL, KENNETH
BARSCH and PRISCILLA M. VELEZ,

                              Plaintiffs,

                 -against-

THE COUNTY OF SUFFOLK, THE SUFFOLK
COUNTY TRAFFIC AND PARKING
VIOLATIONS AGENCY, PAUL MARGIOTTA,
JOHN DOE 1, JOHN DOE 2 and JOHN DOES
3-10,

                              Defendants.

------------------------------------------------------------X

Civil Action No.:

COMPLAINT

JURY TRIAL DEMANDED

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiffs seek relief for violations of

their rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, and of rights

secured by the Fourteenth Amendment to the United States Constitution, and for rights

secured under the laws and Constitution of the State of New York. This action seeks to

redress the deprivation under color of law of the rights, privileges and immunities

secured by the United States Constitution and the Amendments thereto, and the laws of

the United States, as well as pendent state claims for State Constitutional violations,

including damages, both compensatory and punitive, affirmative and equitable relief,

1

an award of costs and attorneys fees, and such other and further relief as this court deems equitable and proper. Plaintiffs also seek injunctive relief in the form of an Order prohibiting the Defendant, The Suffolk County Traffic and Parking Violations Agency from: (1) suspending the driver's licenses or driving privileges of individuals without granting them prior notice and an opportunity to be heard; (2) suspending the driver's licenses or driving privileges of individuals where personal jurisdiction has not been obtained over them; (3) acting in excess of their jurisdiction under New York State Law by taking actions pretrial without any referral or reference to hear and report.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331, 1343 (3) and (4) this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.  The amount of damages in controversy is in excess of seventy-five thousand dollars ($75,000), exclusive of interest and costs.

3. The plaintiffs further invoke this Court's pendent jurisdiction, pursuant to 28 U.S.C. Sec. 1367(a), over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4. The plaintiffs demand a trial by jury on each and every one of his claims as pled herein.

## VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## PARTIES

6. Plaintiff, David Glatman, was and still is and at all times mentioned herein, a resident of the County of Suffolk, State of New York and citizen of the United States.

7. Plaintiff, Joseph Uhl, was and still is and at all times mentioned herein, a resident of the County of Suffolk, State of New York and citizen of the United States.

8. Plaintiff, Kenneth Barsch, was and still is and at all times mentioned herein, a resident of the County of Suffolk, State of New York and citizen of the United States.

9. Plaintiff, Priscilla M. Velez, was and still is and at all times mentioned herein, a resident of the County of Queens, State of New York and citizen of the United States.

10. Defendant, The County of Suffolk, was and is a municipal corporation existing by and through the laws of the State of New York.

11. Defendant, The Suffolk County Traffic and Parking Violations Agency is a part of the local governmental unit of Suffolk County, duly organized, existing, operated and conducted under and by virtue of the laws of the State of New York.

12. Defendant, Paul Margiotta, is the Executive Director of the Suffolk County Traffic and Parking Violations Agency, and is a policymaker at the Suffolk County Traffic and Parking Violations Agency.

13. Defendant, John Doe 1 is a judicial hearing officer employed by the County of Suffolk at the Suffolk County Traffic and Parking Violations Agency.

14. That John Doe number 2, is a traffic prosecutor who, as set forth more fully below, is employed at the Suffolk County Traffic and Parking Violations Agency.

15. That upon information and belief, at all times herein mentioned, the Defendants, John Does 3-10, are individuals whose names are currently unknown to the Plaintiff, and who were employees, agents and/or servants of the Defendants, the Suffolk County Traffic and Parking Violations Agency, and the County of Suffolk. The Defendants, John Does 3-10, are being sued individually and in their official capacity, and are more fully described herein.

FACTS AND PROCEDURAL HISTORY

A. David Glatman

16. Plaintiff, David Glatman, prior to June 2, 2020, was the holder of a driver's license duly issued by the State of New York.

17. That on March 30, 2020, Mr. Glatman was issued an appearance ticket for an alleged violation of Section 1180(b) of the New York State Vehicle and Traffic Law for speeding, a traffic infraction.

18. That the appearance ticket issued by the police officer included a return date for Mr. Glatman to appear in the Suffolk County Traffic and Parking Violations Agency on May 11, 2020.

19. That on or about June 2, 2020, a traffic prosecutor, John Doe 2, requested that Mr. Glatman's driving privileges be suspended by a judicial hearing officer, John Doe 1.

20. That on or about June 2, 2020, Defendants, suspended the driving privileges of Plaintiff, David Glatman.

21. That Suffolk County Traffic and Parking Violations Agency has been closed to the public since on or about March 16, 2020, as a result the Executive Order issued by the Governor and the Administrative Order issued by Chief Administrative Judge Marks.

22. That the suspension took place behind closed doors while the Suffolk County Traffic and Parking Agency was closed and wholly inaccessible to the public.

23. That Plaintiff was first notified of the suspension of his driving privileges by letter from Defendant, Paul Margiotta.

24. That Plaintiff, David Glatman, was giving no prior notification that his license to drive was going to be suspended.

25. That Plaintiff, David Glatman was not afforded the opportunity to be heard prior to the issuance of the suspension.

26. That Plaintiff, David Glatman, was not permitted to access the hearing room where and when the suspension was issued.

27. That the suspension of Mr. Glatman's driving privileges was done pursuant to a policy set in place by Defendant, Paul Margiotta.

## B. Joseph Uhl

28. Plaintiff, Joseph Uhl, prior to June 2, 2020, was the holder of a driver's license duly issued by the State of New York.

29. That on May 18, 2020, Mr. Uhl was issued an appearance ticket for an alleged violation of Section 1180(b) of the New York State Vehicle and Traffic Law for speeding, a traffic infraction.

30. That the appearance ticket issued by the police officer included a return date for Mr. Uhl to appear in the Suffolk County Traffic and Parking Violations Agency on July 6, 2020.

31. That on or about June 2, 2020, a traffic prosecutor, John Doe 2, requested that Mr. Uhl's driving privileges be suspended by a judicial hearing officer, John Doe 1.

32. That on or about June 2, 2020, Defendants, suspended the driving privileges of Plaintiff, Joseph Uhl.

33. That Suffolk County Traffic and Parking Violations Agency has been closed to the public since on or about March 16, 2020, as a result the Executive Order issued by the Governor and the Administrative Order issued by Chief Administrative Judge Marks.

34. That the suspension took place behind closed doors while the Suffolk County Traffic and Parking Agency was closed and wholly inaccessible to the public.

35. That Plaintiff was first notified of the suspension of his driving privileges by letter from Defendant, Paul Margiotta.

36. That Plaintiff, Joseph Uhl, was giving no prior notification that his license to drive was going to be suspended.

37. That Plaintiff, Joseph Uhl was not afforded the opportunity to be heard prior to the issuance of the suspension.

38. That Plaintiff, Joseph Uhl, was not permitted access to the hearing room where and when the suspension was issued.

39. That the suspension of Mr. Uhl's driving privileges was done pursuant to a policy set in place by Defendant, Paul Margiotta.

### C. Kenneth Barsch

40. Plaintiff, Kenneth Barsch, prior to June 2, 2020, was the holder of a driver's license duly issued by the State of New York.

41. That on May 4, 2020, Mr. Barsch was issued an appearance ticket for an alleged violation of Section 1180(b) of the New York State Vehicle and Traffic Law for speeding, a traffic infraction.

42. That the appearance ticket issued by the police officer included a return date for Mr. Barsch to appear in the Suffolk County Traffic and Parking Violations Agency on June 22, 2020.

43. That on or about June 2, 2020, a traffic prosecutor, John Doe 2, requested that Mr. Barsch's driving privileges be suspended by a judicial hearing officer, John Doe 1.

44. That on or about June 2, 2020, Defendants, suspended the driving privileges of Plaintiff, Kenneth Barsch.

45. That Suffolk County Traffic and Parking Violations Agency has been closed to the public since on or about March 16, 2020, as a result the Executive Order issued by the Governor and the Administrative Order issued by Chief Administrative Judge Marks.

46. That the suspension took place behind closed doors while the Suffolk County Traffic and Parking Agency was closed and wholly inaccessible to the public.

47. That Plaintiff was first notified of the suspension of his driving privileges by letter from Defendant, Paul Margiotta.

48. That Plaintiff, Kenneth Barsch, was giving no prior notification that his license to drive was going to be suspended.

49. That Plaintiff, Kenneth Barsch was not afforded the opportunity to be heard prior to the issuance of the suspension.

50. That Plaintiff, Kenneth Barsch, was not permitted access to the hearing room where and when the suspension was issued.

51. That the suspension of Mr. Barsch's driving privileges was done pursuant to a policy set in place by Defendant, Paul Margiotta.

## D. Priscilla M. Velez

52. Plaintiff, Priscilla Velez, prior to June 2, 2020, was the holder of a driver's license duly issued by the State of New York.

53. That on March 31, 2020, Ms. Velez was issued an appearance ticket for an alleged violation of Section 1180(b) of the New York State Vehicle and Traffic Law for speeding, a traffic infraction.

54. That the appearance ticket issued by the police officer included a return date for Ms. Velez to appear in the Suffolk County Traffic and Parking Violations Agency on May 12, 2020.

55. That on or about June 2, 2020, a traffic prosecutor, John Doe 2, requested that Ms. Velez's driving privileges be suspended by a judicial hearing officer, John Doe 1.

56. That on or about June 2, 2020, Defendants, suspended the driving privileges of Plaintiff, Priscilla Velez.

57. That Suffolk County Traffic and Parking Violations Agency has been closed to the public since on or about March 16, 2020, as a result the Executive Order issued by

the Governor and the Administrative Order issued by Chief Administrative Judge

Marks.

58. That the suspension took place behind closed doors while the Suffolk County

Traffic and Parking Agency was closed and wholly inaccessible to the public.

59. That Plaintiff was first notified of the suspension of his driving privileges by

letter from Defendant, Paul Margiotta.

60. That Plaintiff, Priscilla Velez, was giving no prior notification that her license

to drive was going to be suspended.

61. That Plaintiff, Priscilla Velez was not afforded the opportunity to be heard

prior to the issuance of the suspension.

62. That Plaintiff, Priscilla Velez, was not permitted access to the hearing room

where and when the suspension was issued.

63. That the suspension of Ms. Velez's driving privileges was done pursuant to a

policy set in place by Defendant, Paul Margiotta.

**AS AND FOR A FIRST CAUSE OF ACTION – DUE PROCESS VIOLATION**

64. That Plaitniffs' driver's licenses are important to them and was utilized by

them in their daily activities, including, but not limited to their ability to work, and to

do the daily activities of everyday living.

65. That the Due Process Clause of the Fourteenth Amendment requires that an individual be given notice and an opportunity to be heard prior to the issuance of a sanction against him or her in the form of a license suspension or revocation.

66. That the Defendants provided Plaitniffs with no notice that their licenses were to be suspended on or about the 2nd day of June, 2020.

67. That Defendants provided Plaintiffs with no opportunity to be heard prior to the suspension of their driving privileges on or about the 2nd day of June, 2020.

68. That the actions of the Defendants, jointly, severally and in concert, were in violation of Plaintiffs' right to Procedural Due Process as protected by the Fourteenth Amendment of the United States Constitution.

69. That as a result of the actions of the Defendants, Plaintiffs were caused to suffer damages.

**AS AND FOR A SECOND CAUSE OF ACTION – VIOLATION OF STATE LAW**

70. Plaintiffs repeat, reiterate and reallege the allegations set forth in the paragraphs numbered and designated as "1" through "69" as if more fully set forth herein.

71. That Defendant, John Doe 1, was proceeding in excess of his jurisdiction in issuance a pre-trial license suspension against Plaintiffs.

72. That section 1690(1) of the New York State Vehicle and Traffic Law sets forth the grant of jurisdiction for a judicial hearing officer in the Suffolk County Traffic and Parking Violations Agency.

73. That Section 1690(1) provides that a judicial hearing officer may be assigned to conduct a trial at the Suffolk County Traffic and Parking Violations Agency.

74. That the grant of jurisdiction under Section 1690(1) of the Vehicle and Traffic Law is only for the conducting of a trial and sentencing by the judicial hearing officer.

75. That a permissive suspension under Section 510(3) of the New York State Vehicle and Traffic Law is a pre-trial suspension wholly unrelated to any trial or any sentence.

76. That a judicial hearing officer has no power to take any pre-trial actions, including the permissive suspension of a driver's license.

77. That the actions of the Defendants in suspending the driver's license of Plaintiffs, were in excess of the jurisdiction granted to the Defendants, John Doe 1 and the Suffolk County Traffic and Parking Violations Agency.

78. That as result of the actions of the Defendants, Plaintiffs have been cased to suffer damages.

**AS AND FOR A THIRD CAUSE OF ACTION – VIOLATION OF STATE LAW**

79. Plaintiffs repeat, reiterate and reallege the allegations set forth in the paragraphs numbered and designated as "1" through "78" as if more fully set forth herein.

80. That the New York State Vehicle and Traffic Law Section 510(3-a) provides that "[w]here revocation or suspension [of a driver's license] is permissive, the holder, unless he shall waive such right, shall have an opportunity to be heard except where such revocation or suspension is based solely on a court conviction or convictions or on a court commitment to an institution under the jurisdiction of the department of mental hygiene".

81. That the suspension of the driving privileges of the Plaintiffs was not based upon a court conviction or convictions or on a court commitment to an institution under the jurisdiction of the department of mental hygiene.

82. That the suspension of driving privileges of the Plaintiffs was a permissive suspension as defined under Section 510 of the Vehicle and Traffic Law.

83. That Plaintiffs were provided no opportunity to be heard and no notice that their licenses were to be suspended.

84. That as a result of the actions of the Defendants, Plaintiffs have been caused to suffer damages.

**AS AND FOR A FOURTH CAUSE OF ACTION –STATE CONSTITUTION**

13

85. Plaintiffs repeat, reiterate and reallege the allegations set forth in the paragraphs numbered and designated as "1" through "84" as if more fully set forth herein.

86. That the New York Constitution provides that no person shall be deprived of life, liberty or property without due process of law, N.Y. Const., Art I, §6.

87. That Due Process as protected by the New York State Constitution encompasses notice of pending governmental action and an opportunity to be heard.

88. That Plaintiffs were not provided notice of the June 2020, action taken against their licenses by the Defendants.

89. That Plaintiffs were not provided with an opportunity to be heard prior to the suspension of their licenses on or about June 2, 2020.

90. That the actions of the Defendants on or about June 2, 2020, were in violation of the Plaintiffs' right to Due Process as protected by the New York State Constitution.

91. That as a result of the actions of the Defendants, Plaintiffs were caused to suffer damages.

**AS AND FOR A FIFTH CAUSE OF ACTION – INJUNCTIVE RELIEF**

92. Plaintiffs repeat, reiterate and reallege the allegations set forth in the paragraphs numbered and designated as "1" through "91" as if more fully set forth herein.

93. That the United States Constitution and the New York State Constitution both prohibit the taking of any property right without Due Process of Law.

94. That the phrase due process of law includes the right to notice of proceedings and an opportunity to be heard thereupon.

95. That the Defendants suspended the driving privileges of Plaintiffs without providing prior notice, without providing an opportunity to be heard, and prior to the Suffolk County Traffic and Parking Violations Agency obtaining jurisdiction over them.

96. That the Plaintiffs herein are not the only ones who have been suspended in this manner, and, upon information and belief, Defendants continue to issue suspensions without providing prior notice, without providing an opportunity to be heard, and prior to the Suffolk County Traffic and Parking Violations Agency obtaining jurisdiction over the person to whom the appearance ticket was issued.

97. That the Defendants, in proceeding in this fashion are acting in violation of both the New York State and United States Constitutions, and denying persons of their right to due process prior to the suspension of a government created right.

98. That Plaintiffs have no remedy at law.

99. That Plaintiffs seek a judgment declaring and adjudging the actions of the Defendants to be illegal and in violation of the New York State and United States Constitutions; enjoining and restraining the defendants and each of them from

15

continuing to suspend the drivers licenses and driving privileges of persons without providing them with notice and an opportunity to be heard.

### AS AND FOR A SIXTH CAUSE OF ACTION – INJUNCTIVE RELIEF

100. Plaintiff repeats, reiterates and realleges the allegations set forth in the paragraphs numbered and designated as "1" through "99" as if more fully set forth herein.

101. That the accusatory instrument pending against each of the Plaitniffs is a simplified traffic information under New York Law.

102. That at the time each Plaintiff was stopped for the traffic infractions returnable in the Suffolk County Traffic and Parking Violations Agency, they were issued an appearance ticket in accordance with N.Y. Crim. Proc. L. 100.25(2).

103. That the date Mr. Glatman was required to appear in the Suffolk County Traffic and Parking Violations Agency was May 11, 2020.

104. That there was no physical way for Mr. Glatman to appear and answer the ticket at the Agency on May 11, 2020, since the Traffic Agency was closed.

105. That the date Mr. Uhl is required to appear in the Suffolk County Traffic and Parking Violations Agency is July 6, 2020.

106. That there was no physical way for Mr. Uhl to appear and answer the ticket at the Agency on July 6, 2020, since the Traffic Agency is closed.

107. That the date Mr. Barsch is required to appear in the Suffolk County Traffic and Parking Violations Agency is June 22, 2020.

108. That there was no physical way for Mr. Barsch to appear and answer the ticket at the Agency on June 22, 2020, since the Traffic Agency was closed.

109. That the date Ms. Velez was required to appear in the Suffolk County Traffic and Parking Violations Agency is May 12, 2020.

110. That there was no physical way for Ms. Velez to appear and answer the ticket at the Agency on May 12, 2020, since the Traffic Agency was closed.

111. That when an appearance ticket is issued, the tribunal does not obtain jurisdiction over the person until the individual appears, since an appearance ticket is merely an invitation to appear.

112. That the traffic agency suspended Plaintiffs' driving privileges and license to drive prior to the date they were required to appear.

113. That the traffic agency had not obtained personal jurisdiction over the Plaintiffs at the time the Defendants suspended their licenses to drive and his driving privileges.

114. That the Plaintiffs herein are not the only ones who have been suspended in this manner, and, upon information and belief, Defendants continue to issue

suspensions prior to the return date on the appearance tickets and prior to obtaining

jurisdiction over the person so accused.

115. That the Defendants, in proceeding in this fashion are acting in violation of

law of the State of New York.

116. That Plaintiffs have no remedy at law.

117. That Plaintiffs seek a judgment declaring and adjudging the actions of the

Defendants to be illegal and in violation of the law of the State of New York; enjoining

and restraining the defendants and each of them from continuing to suspend the

drivers licenses and driving privileges of persons prior to obtaining jurisdiction over

them.

AS AND FOR A SEVENTH CAUSE OF ACTION – INJUNCTIVE RELIEF

118. Plaintiffs repeat, reiterate and reallege the allegations set forth in the

paragraphs numbered and designated as "1" through "117" as if more fully set forth

herein.

119. That the Suffolk County Traffic and Parking Violations Agency is a hybrid

agency created under the law of the State of New York to adjudicate certain low level

non-criminal offenses defined as traffic infractions.

120. That the law provides that the trial is to be presided over by judicial hearing

officers.

121. That Section 1690(1) of the Vehicle and Traffic Law provides that

"[n]otwithstanding any other provision of law, where the trial of a traffic or parking infraction is authorized or required to be tried before the … Suffolk county district court, … the administrative judge of the county in which the trial court is located, <u>may</u> assign judicial hearing officers to conduct such a trial", N.Y. Veh. & Traff. 1690(1).

122. That a "non-jury trial" is defined under New York Law and "commences with the first opening address, if there be any, and, if not, when the first witness is sworn, and includes all further proceedings through the rendition of a verdict", N.Y. Crim. Proc. 1.20(11).

123. That pre-trial proceedings, including motions, under New York Law are functionally and conceptually distinct from a trial.

124. That an application to suspend the license or driving privileges of a motorist prior to arraignment is not a part of the trial.

125. That New York Law contains a separate and distinct referral provision for a referral to a judicial hearing officer to hear pre-trial motions under Section 255.20(4) of the Criminal Procedure Law.

125. That the only referral in these matters was for trial.

126. That there was no referral to hear a pre-trial motion.

127. That the judicial hearing officer, in suspending the driving privileges of the Plaintiffs was acting in excess of his or her jurisdiction.

19

128. That the Plaintiffs herein are not the only ones who have been suspended by a judicial hearing officer acting in excess of his jurisdiction, and, upon information and belief, Defendants continue to suspend individuals accused of non-criminal traffic infractions in excess of their jurisdiction under New York Law.

129. That the Defendants, in proceeding in this fashion are acting in violation of law of the State of New York.

130. That Plaintiffs have no remedy at law.

131. That Plaintiffs seeks a judgment declaring and adjudging the actions of the Defendants to be illegal and in violation of the law of the State of New York; enjoining and restraining the judicial hearing officers at the Suffolk County Traffic and Parking Violations Agency from continuing to suspend the drivers licenses and driving privileges of persons without any referral or reference to hear and these matters under New York Law.

WHEREFORE Plaintiffs demands the following relief jointly and severally against all of the defendants:

(a) granting compensatory damages for Plaintiffs on the first, second, third and fourth causes of action, together with, attorney's fees and costs and disbursements;

(b) granting injunctive relief on the fifth cause of action, in the form of a judgment, declaring and adjudging the actions of the Defendants to be illegal and in violation of the New York State and United States Constitutions, and enjoining and

restraining the defendants and each of them from continuing to suspend the drivers licenses and driving privileges of persons without providing them with notice and an opportunity to be heard;

(c) granting injunctive relief on the sixth cause of action, in the form of a judgment, declaring and adjudging the actions of the Defendants to be illegal and in violation of the law of the State of New York, and enjoining and restraining the defendants and each of them from continuing to suspend the drivers licenses and driving privileges of persons prior to obtaining jurisdiction over them; and,

(d) granting injunctive relief on the seventh cause of action in the form of a judgment, declaring and adjudging the actions of the Defendants to be illegal and in violation of the law of the State of New York; enjoining and restraining the judicial hearing officers at the Suffolk County Traffic and Parking Violations Agency from continuing to suspend the drivers licenses and driving privileges of persons without any referral or reference to hear and these matters under New York Law;

(e) together such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice, including costs, disbursements and attorney's fees on this matter.

DATED: July 6, 2020
      Deer Park, New York

                              _____
                              Scott Lockwood, Esq.

21

Attorney for Plaintiffs
375 Commack Road
Suite 200
Deer Park, NY 11729
(631) 242-3369